M. FURUYA Co. et al. *v.* UNITED STATES

No. 4697.—Invoices dated Yokohama, Japan, September 14, February 21, 1935.
Entered at Portland, Oreg., October 9, March 28, 1935.
Entry Nos. 495, 1273.

(Decided January 2, 1940)

*Lawrence & Tuttle* for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

BROWN, Judge: These appeals to reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the court:

1) That as to the merchandise involved herein, marked "A" on the invoices and initialed by Examiner W. E. Shaw, the market value or price at the time of exportation, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit prices, packed.

2) That at the time of exportation there was no higher foreign value for this merchandise and that the appraisement made under authority of the Presidential proclamation published in TD 46158 was not applicable to said merchandise, based upon the decisions in RD 4444 and 4570.

3) That the appeals as to all other merchandise not marked with the letter "A" as stated above and contained on the invoices is abandoned, and that these cases may be submitted on the foregoing stipulation. Appeal 117402–A/458, Entry 1273 is limited to merchandise in cases #1701/3, consular invoice 1506 now attached to appeal 117401–A/457.

In harmony with the stipulation I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to the merchandise involved herein, marked "A" on the invoices and initialed by examiner W. E. Shaw, invoiced unit prices, packed.

As to all other merchandise not marked with the letter "A" as stated above, the appeals having been abandoned, I find the dutiable values are the values returned by the appraiser. Judgment will be rendered accordingly.